## E & I, Inc. Appeal

*Jack A. Rounick,* for petitioner.

*Frederic M. Wentz,* Special Assistant Attorney General, for Commonwealth.

CATANIA, J., December 29, 1971.—Petitioner is a corporation which formerly operated a restaurant at 1302 West Ninth Street, Chester, Delaware County, Pa. Petitioner holds restaurant liquor license no. R-13697 granted by the Pennsylvania Liquor Control Board for the above-described premises.

On or about May 28, 1970, this restaurant was condemned by the Chester Redevelopment Authority and the license has been held in safekeeping by the Pennsylvania Liquor Control Board since that date.

On or about May 24, 1971, petitioner applied for a transfer of the license from 1302 West Ninth Street, Chester, Delaware County, Pa., to 212-16 East Lan-

caster Avenue, Wayne, Delaware County, Pa. On October 12, 1971, a hearing was held on that application by the Pennsylvania Liquor Control Board and on November 23, 1971, the Pennsylvania Liquor Control Board issued an opinion and order in which the board refused the application to transfer the license as requested.

In its opinion, the board gave as its reason for refusing the transfer, "there is a restriction in the deed to this property which prohibits the erection of a building to be used for the sale of alcoholic beverages." Petitioner contends that the board erred in so finding.

Petitioner in the argument on this appeal cited the case of Hobson's Appeal, 28 Del. Rep. 118 (1938). This case dealt with a property located at 233 East Lancaster Avenue, Wayne, while our property is located at 212-16 East Lancaster Avenue in Wayne. The court in that case, taking the same exact deed restriction, found, at page 123, that:

. . .

"This restriction does not attempt to prohibit the sale of vinous, malt, brewed or distilled drinks or intoxicating liquors of any kind. The appellant is not conducting a hotel, tavern or drinking saloon, but is merely conducting an eating place . . ."

The court further continued, on page 124:

"The retailing of intoxicating liquors in a building will not constitute it an inn or tavern if it does not otherwise possess the requisite characteristics."

The court further stated, on page 122:

"If the grantor had desired to prohibit the sale of intoxicating liquor, he would have so inserted in his deed, but he did not do that. All that he did was to restrict the property so that no saloon shall be on the premises and that he merely anticipated the provisions of the legislation, now in force, shall prohibit the saloon."

It is our conclusion that the restaurant with liquor license requested by E & I, Inc., for the address known as 212-16 East Lancaster Avenue, Wayne, Rador Township, Delaware County, Pa., is not barred by the deed restriction and we, therefore, make the following

### ORDER

And now, December 29, 1971, after testimony and argument, it is hereby ordered and decreed that the appeal of E & I, Inc., be and the same is hereby sustained; the Pennsylvania Liquor Control Board is hereby directed to approve the application for place-to-place transfer from 1302 West Ninth Street, Chester, Delaware County, Pa., to 212-16 East Lancaster Avenue, Wayne, Delaware County, Pa.